1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7   EDWARD D. BROKER and
8   ANTOINETTE N. SMITH, and the marital
    community comprised thereof,

9                         Plaintiffs,

10            v.

11   BENEFICIAL WASHINGTON, INC. (an
     inactive Delaware corporation), a subsidiary
12   of HSBC,

13                         Defendant.

Case No. C12-229RSL

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO
DISMISS

14

15       This matter comes before the Court on Defendant's unopposed "Motion to

16   Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Dkt. # 5).  Defendant asserts that all of

17   Plaintiffs' claims are either time barred, legally deficient, or both.  The Court GRANTS

18   the motion IN PART.

19                          **I. BACKGROUND**

20       Plaintiffs are husband and wife and joint owners of a home in Marysville,

21   Washington.  Dkt. # 1 at ¶ 2.  In July 2007, they refinanced their mortgage through the

22   Defendant.[1]  Id. at ¶¶ 4–5.  The mortgage was recorded on a deed of trust on July 24,

23   2007, and recorded with the Snohomish County Auditor on July 27, 2007.  Id. at ¶ 4.

24

25       [1]  Defendant notes that, as a result of a merger, Beneficial Washington is now Beneficial
     Financial I Inc.  Mot. (Dkt. # 5) at 1 n.1.

26   ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS – 1

On February 8, 2012, Plaintiffs filed their complaint.  In it, they assert that Defendant committed a laundry list of wrongs in inducing them to refinance, in effectuating the refinancing, and in servicing their loan.  E.g., id. at ¶ 68.  For present purposes, it is sufficient to note that they assert claims under the Truth In Lending Act ("TILA"), the Real Estate Settlement Procedure Act ("RESPA"), the federal Fair Debt Collection Practices Act ("FDCPA"), and the Washington Consumer Protection Act ("CPA").  They also assert common law claims of quiet title, slander of title, and fraudulent inducement and concealment.  They ask the Court to, among other things, rescind their agreement with the Defendant, reconvey to them all rights in the property, quiet title in their favor, and award them thousands of dollars in statutory fees.

Defendant appeared in April 2012, after informing Plaintiffs that it had never been properly served.  See Dkt. # 3; Dkt. # 7 at 4.  It filed the present motion in lieu of an answer, asserting that each of Plaintiffs' claims were either time barred or legally deficient.  Plaintiffs did not file a response to Defendant's motion.

## II. DISCUSSION

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "The relevant inquiry . . . is not whether the plaintiff has demonstrated a likelihood of success on the merits" but whether "'there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'"  Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In undertaking that inquiry, the Court must "accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs."  Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002) (citation omitted).  "'The court need not, however,

accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted); accord Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. . . .' [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." (quoting Twombly, 550 U.S. at 555)). Accordingly, "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980); accord Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011).

　　　　With this framework in mind, the Court turns to each of Plaintiffs' claims.

**A. The Truth in Lending Act Claims**

　　　　"TILA protects consumers from fraud, deception, and abuse within the residential secured lending marketplace by mandating that lenders disclose certain information to borrowers." McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1327 (9th Cir. 2012). As Plaintiffs allege, Dkt. # 1 at ¶¶ 88–116, it requires lenders to disclose a host of information to consumers in their position. See 15 U.S.C. § 1638. And if a lender fails to make the required disclosures, it provides the borrower with both a private cause of action for damages, § 1640, and "a right to rescind a loan secured by the borrower's residence," § 1635(a). McOmie-Gray, 667 F.3d at 1327–28. Plaintiffs seek both. See Dkt. # 1 at ¶¶ 1, 4. In response, Defendant contends that both claims are time-barred. Mot. (Dkt. # 5) at 3–5. The Court agrees.

　　　　Plaintiffs' claim for damages is subject to a one-year statute of limitations that "began to run when the plaintiffs executed their loan documents, because they could

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS – 3

1   have discovered the alleged disclosure violations and discrepancies at that time."

2   Cervantes, 656 F.3d at 1045 (citing § 1640(e)).  Accordingly, it is clear from the face of

3   Plaintiffs complaint that, absent tolling, the limitations period ran in late July

4   2008—nearly three-and-a-half years before Plaintiffs filed their claim.  And the Court

5   notes that while Plaintiffs assert in their complaint that "[e]quitable tolling principles are

6   to be read into every federal statute of limitations unless Congress expressly provides to

7   the contrary in clear and ambiguous language," they fail to plead any facts from which

8   the Court could even plausibly infer that tolling might apply this case.  See Dkt. # 1 at

9   ¶ 104.  Dismissal is therefore appropriate.  Iqbal, 556 U.S. at 678 (noting that a

10  complaint lacks "facial plausibility" if it merely "tenders 'naked assertion[s]' devoid of

11  'further factual enhancement'" (quoting Twombly, 550 U.S. at 557)).

12      The closer question is whether dismissal should be with or without prejudice.

13  The Ninth Circuit has instructed that dismissal without prejudice with "[l]eave to amend

14  should be granted if it appears at all possible that the plaintiff can correct the defect."

15  Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (alteration in original) (citations

16  and internal quotation marks omitted).  And though Plaintiffs have not suggested that

17  any facts exist to support tolling in this case, the Court is required to give them at least

18  an opportunity to correct their defect.  Id.  Accordingly, the Court dismisses Plaintiffs'

19  § 1640 TILA damages claims without prejudice and grants Plaintiffs leave to file an

20  amended complaint that plausibly asserts a non time-barred claim.

21      The same cannot be said for Plaintiffs' § 1635 claim for rescission.  As § 1635(f)

22  states, "An obligor's right of rescission shall expire three years after the date of

23  consummation of the transaction or upon the sale of the property, whichever occurs first,

24  notwithstanding the fact that the information and forms required under this section or

25  any other disclosures required under this part have not been delivered to the obligor

26  . . . ."  And as explained at length in McOmie-Gray, "§ 1635(f) is a statute of repose that

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS – 4

represents an absolute three-year bar on rescission actions." 667 F.3d at 1329. "[I]t completely extinguishes the underlying right itself," representing "an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction." Id. (citation omitted). It is not subject to tolling. Id.

Moreover, to the extent Plaintiffs suggest that they satisfied § 1635(f) when they notified Defendant on June 24, 2010, that they desired to invoke their right to rescind and thereafter made themselves and the property available to Defendant, McOmie-Gray forecloses that assertion. Compare id. at 1327, with Dkt. # 1 at ¶¶ 52–58, 108–16. As the Ninth Circuit held, "Rescission is not automatic upon a borrower's mere notice of rescission." McOmie-Gray, 667 F.3d at 1327. "Instead, where a lender fails to comply with § 1635(b), the statute and regulations contemplate that a borrower, who by sending notice of rescission has 'advanced a claim seeking rescission,' will seek a determination that rescission is proper." Id. (emphasis added). Thus, as McOmie-Gray demonstrates, even where a consumer has given notice of his or her desire to rescind, and even where the consumer may be negotiating with the lender regarding that notice, the right to rescind expires if no judicial action is filed within three years of the consummation of the loan. See id. at 1326–271329–30.

Accordingly, because it is uncontroverted that Plaintiffs failed to file any timely judicial action to assert their right to § 1635 rescission, the Court dismisses with prejudice their rescission-based TILA claim.

**B. The Real Estate Settlement Procedures Act Claims**

"RESPA imposes certain disclosure obligations on loan servicers who transfer or assume the servicing of a federally related mortgage loan." Morris v. Bank of Am., No. C09–02849, 2011 WL 250325, at *4 (N.D. Cal. Jan. 26, 2011) (citing 12 U.S.C. § 2605(b)). As appears relevant to Plaintiffs' complaint, see Dkt. # 1 at ¶¶ 16, 39–47, 50–51, 59–62, 69–87, it includes a duty to "disclose to each person who applies for the

1
2
3
4
5

loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding," § 2605(a), and a duty to timely and adequately respond to "a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan," § 2605(e).

6
7
8
9
10

The Court turns first to Plaintiffs' initial disclosure claims, which are subject to a three-year statute of limitations period. § 2614. For the reasons previously described, the Court finds that is clear from the face of the complaint that the statute has run. Accordingly, Plaintiffs' § 2605(a) claims are dismissed. Again, however, the Court dismisses those claims without prejudice, and allows Plaintiffs leave to amend to correct the present defect if they can. See Lopez, 203 F.3d at 1130–31.

11
12
13
14
15
16
17
18

Turning to the second category of claims, which are also subject to a three-year statute of limitations period, § 2614, the Court finds that, construing the complaint in the light most favorable to Plaintiffs, Gompper, 298 F.3d at 895, at least one plausible claim has been plead as to each request. For example, Plaintiffs allege that they sent a first qualified written request by certified mail on June 24, 2010, that detailed believed accounting errors. Dkt. # 1 at ¶ 50. And they assert that Defendant failed to respond as required by § 2605(e)(1)(A) and (3)(2). See id. at ¶ 51. That is sufficient to state a RESPA claim. See § 2605(e)(1)(B), (e)(2), (f).

19
20
21
22
23
24
25

As for the second qualified written request, Plaintiffs first assert that Defendant "failed to acknowledge receipt within the timeframes [sic] set by RESPA." Id. at ¶ 61. The Court finds that their own allegations refute this claim. As Plaintiffs allege, they "sent" their request on November 19, 2010, id. at ¶ 59, and Defendant "acknowledged receipt . . . on December 9, 2010," id. at ¶ 60. By the Court's count, this equates to only 13 days (excluding legal public holidays, Saturdays, and Sundays), thus satisfying the "20 day[] (excluding legal public holidays, Saturdays, and Sundays)" acknowledgment

26

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS – 6

requirement of § 2605(e)(1)(A).  The same is not true of Plaintiffs' complaint regarding Defendant's December 17, 2012, response.  Again, generously construed, they contend that they noted in their second request that they "were disputing the application of payments and amount owing" and requested an accounting of their payment history.  Dkt. # 1 at ¶ 79.  And they allege that Defendant failed to include this requested account history in its response.  Id. at ¶¶ 81–82.  This would appear to violate the requirements of § 2605(e)(2)(C)(ii).  At the very least, it is enough to survive the present motion.

In sum then, the Court dismisses without prejudice Plaintiffs' § 2605(a) initial-disclosure claims and grants Plaintiffs leave to amend.  It otherwise finds that Plaintiffs have sufficiently alleged at least three § 2605(e) RESPA claims.

## C.  The Federal Fair Debt Collections Practices Act Claims

"The [FDCPA] prohibits debt collector[s] from making false or misleading representations and from engaging in various abusive and unfair practices."  Heintz v. Jenkins, 514 U.S. 291, 292 (1995).

To be liable for an FDCPA violation, Defendant must, as a threshold matter, be a "debt collector" within the meaning of the Act.  Id. at 294.  And the FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6) (emphasis added).

Notably, this definition does not include a creditor, like the Defendant, who merely "offers or extends credit creating a debt or to whom a debt is owed."  § 1692a(4); Wende v. Countrywide Home Loans, Inc., No. 10-cv-205-L(BLM), 2012 WL 642879, at *4–5 (S.D. Cal. Feb. 28, 2012) ("The FDCPA does not, however, cover 'the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" (quoting Nool v. HomeQ Servicing, 653

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (quoting <u>Perry v. Stewart Title Co.</u>, 756 F.2d 1197, 1208 (5th Cir. 1985)))).  Accordingly, the Court dismisses with prejudice Plaintiffs' FDCPA claim against the Defendant.

**D.  The Washington Consumer Protection Act Claims**

The Washington CPA protects the public from "unfair or deceptive acts or practices in the conduct of any trade or commerce."  RCW 19.86.020.  "To prevail on a private CPA claim, a private plaintiff must show (1) an unfair or deceptive act or practice, (2) that occurs in trade or commerce, (3) a public interest, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act and the injury suffered."  <u>Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.</u>, 162 Wn.2d 59, 74 (2007).  CPA claims are subject to a four-year statute of limitations.  RCW 19.86.120.

Plaintiffs appear to allege two distinct unfair or deceptive acts.  First, they allege that Defendant "acted deceptively in . . . not provid[ing] the proper documentation" and "not disclos[ing] the precise terms of the loan."  Dkt. # 1 at ¶ 167.  They also allege that "Beneficial continued to seek payment when[] it was clear that the loan was being rescinded."  <u>Id.</u>

For the reasons previously described, the Court agrees with Defendant that Plaintiffs' initial disclosure claims appear time-barred.  <u>See</u> Mot. (Dkt. # 5) at 8–9.  The Court dismisses that claim without prejudice and grants Plaintiffs leave to amend.  <u>See</u> <u>Lopez</u>, 203 F.3d at 1130–31.  The Court likewise agrees that Plaintiffs second claim is deficient as a matter of law.  As <u>McOmie-Gray</u> explains, a TILA rescission is not effective unless a judicial action is filed within three years of the consummation of the loan.  667 F.3d at 1327.  Thus, because Plaintiffs failed to act within the necessary time period, they failed to rescind and Defendant was well within its rights to continue to seek payment.  The Court dismisses that part of Plaintiffs' CPA claim with prejudice.

1

**E.  Quiet Title and Slander of Title Claims**

2

3          Each of these claims depend on Plaintiffs' contention that Defendant failed to act

4    appropriately in response to their notice of rescission.  See Dkt. # 1 at ¶¶ 123–45.  As

5    explained, that preliminary contention fails as a matter of law.  McOmie-Gray, 667 F.3d

6    at 1327.  Accordingly, each of these dependent claims also fails.  The Court dismisses

     each with prejudice for failure to state a claim.

7
     **F.  Claims for Fraudulent Inducement and Concealment**

8
           Plaintiffs' claims for fraudulent inducement and concealment appear to relate to

9    the same general set of facts as its § 1640 TILA initial disclosure claim and its § 1635(a)

10   TILA rescission claim.  See Dkt. # 1 at ¶¶ 162–64.

11         In regard to the initial disclosure or inducement aspect, the Court again finds that

12   the complaint provides no basis for concluding that the claim is not barred by the

13   applicable three-year statute of limitations.  RCW 4.16.080(4); Vollstedt v. Tegman, 155

14   Wn. App. 1023, at *2 (2010) ("But to prove fraudulent concealment, a plaintiff must

     show he or she exercised due diligence in trying to uncover the facts and that the
15
     defendant engaged in affirmative conduct that would lead a reasonable person to believe
16
     that no claim for relief existed.  Fraudulent concealment cannot exist if a plaintiff has
17
     knowledge of the relevant facts.").  The Court therefore dismisses that claim without
18
     prejudice and grants Plaintiffs leave to amend.  See Lopez, 203 F.3d at 1130–31.

19         And for the reasons described above, the Court finds Plaintiffs' rescission-based

20   claim deficient as a matter of law.  McOmie-Gray, 667 F.3d at 1327–28.  It dismisses

21   that claim with prejudice.

22                                **III.  CONCLUSION**

23         For all of the foregoing reasons, the Court GRANTS IN PART Defendants'

24   motion to dismiss.  The Court DISMISSES WITH PREJUDICE Plaintiffs' § 1635 TILA

25   claim for rescission, FDCPA claim, rescission-based CPA claim, and his claims for quiet

26
     ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS – 9

title, slander of title, and rescission-based fraudulent concealment.

The Court DISMISSES WITHOUT PREJUDICE Plaintiffs' § 1640 TILA claim, their § 2605(a) RESPA initial-disclosure claims, their disclosure-based CPA claim, and their inducement-related fraud claim, but *sua sponte* GRANTS Plaintiffs leave to amend to correct, if they can, the deficiencies identified in each. Lopez, 203 F.3d at 1130–31. Any amended complaint is to be filed no later than 30 days after the date of this Order.

Finally, the Court DENIES Defendant's motion as to Plaintiffs' § 2605(e) RESPA claims. Plaintiffs have plead sufficient facts to overcome the present motion.[2]

DATED this 28th day of June, 2012.

*MM S Lasnik*

Robert S. Lasnik
United States District Judge

---

[2] As a final note, the Court wishes to make clear that Plaintiffs' failure to file a response to Defendant's motion is troubling. A litigant fails to file a timely response at his own peril. Under Local Civil Rule 7(b)(2), the Court may treat that failure "as an admission that the motion has merit." In the future, the Court will not hesitate to do just that.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS – 10